**In re Carl Elson SHRINER, Petitioner-Appellant.**

**Carl Elson SHRINER, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Respondent-Appellee.**

Nos. 84–3393, 84–3394.

United States Court of Appeals, Eleventh Circuit.

June 19, 1984.

Robert Augustus Harper, Tallahassee, Fla., for petitioner-appellant.

Carolyn Snurkowski, Asst. Atty. Gen., Tallahassee, Fla., for respondent-appellee.

Before GODBOLD, Chief Judge, JOHNSON and HENDERSON, Circuit Judges.

BY THE COURT:

Petitioner Carl Elson Shriner is a Florida prisoner under the sentence of death for first degree murder. The petitioner's judgment and sentence were affirmed on direct appeal by the Florida Supreme Court in *Shriner v. State*, 386 So.2d 525 (Fla.1980), *cert. denied*, 449 U.S. 1103, 101 S.Ct. 899, 66 L.Ed.2d 829 (1981). In April 1982, Shriner filed a petition for writ of habeas corpus in the Federal District Court for the Northern District of Florida. That petition was denied in *Shriner v. Wainwright*, 570 F.Supp. 766 (N.D.Fla.1982). This Court affirmed the district court's denial of the writ. *Shriner v. Wainwright*, 715 F.2d 1452 (11th Cir.1983), *cert. denied*, — U.S. ——, 104 S.Ct. 1328, 79 L.Ed.2d 723 (1984).

On May 18, 1984, the Governor of Florida signed a death warrant directing execution of Mr. Shriner on some date between noon, June 13, and noon, June 20, 1984. Shriner's execution was scheduled for 7:00 a.m. June 19, 1984. On June 13, the petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 in the Circuit Court of Alachua County. The court denied the motion the following day, and the petitioner appealed to the Florida Supreme Court. On June 15, the Florida Supreme Court affirmed the decision of the Circuit Court.

On June 18, the petitioner filed his petition for a writ of habeas corpus in the United States District Court for the North-

ern District of Florida. His petition raises the following grounds for relief:

1. TRIAL COUNSEL FAILED TO RENDER EFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO INVESTIGATE AND DEVELOP EVIDENCE OF NONSTATUTORY MITIGATING CIRCUMSTANCES.

2. TRIAL COUNSEL FAILED TO RENDER EFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO INVESTIGATE AND DEVELOP EVIDENCE OF STATUTORY MITIGATING CIRCUMSTANCES; TO WIT; THAT THE CAPACITY OF THE DEFENDANT TO CONFORM HIS CONDUCT TO THE REQUIREMENTS OF LAW WAS SUBSTANTIALLY IMPAIRED.

3. ON THE NIGHT OF HIS INTERROGATION CARL SHRINER WAS UNDER THE INFLUENCE OF ALCOHOL AND OTHER DRUGS TO THE EXTENT THAT HE WAS INCOMPETENT TO WAIVE HIS RIGHTS TO COUNSEL UNDER THE SIXTH AMENDMENT AND AGAINST SELF–INCRIMINATION UNDER THE FIFTH AMENDMENT.

4. TRIAL COUNSEL FAILED TO RENDER EFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO DISCOVER THAT CARL SHRINER WAS SO INTOXICATED AND MENTALLY IMPAIRED ON THE NIGHT OF HIS INTERROGATION THAT HE WAS INCAPABLE OF WAIVING HIS CONSTITUTIONAL RIGHTS RENDERING HIS CONFESSION CONSTITUTIONALLY INFIRM.

5. TRIAL COUNSEL FAILED TO RENDER EFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO PRESERVE A RECORD OF BENCH CONFERENCES DURING WHICH THE FUNDAMENTAL RIGHTS OF CARL SHRINER WERE AFFECTED, TO WIT:

a. Whether Any of the Veniremen Excluded for Cause Under *Witherspoon v. Illinois,* Were Excused Even Though They Had Not Made It Unmistakably Clear That They Would Automatically Vote Against the Imposition of Capital Punishment Without Regard to Any Evidence That Might Be Developed at Trial.

b. Whether Any of the Veniremen Excluded for Cause Under *Witherspoon* Were Excused Even Though They Had Not Made It Unmistakably Clear That Their Attitude Toward the Death Penalty Would Prevent Them From Making an Impartial Decision as to Guilt or Innocence.

c. Whether Notwithstanding the Propriety or Impropriety of a Venireman's Exclusion Under the First Prong of *Witherspoon,* It is Improper *Per Se* to Do So Due to the Fact That Florida Is the Only State Where the Jury Verdict on Sentence Is Advisory *AND* the Jury May Reach Its Verdict by a Less Than Unanimous Vote.

d. Whether Exclusion of Veniremen Excluded for Cause Under the First Prong of *Witherspoon,* Deprives the Defendant of a Jury Which Represents a Fair Cross-section of the Community.

6. THE ABSENCE OF A RECORD OF BENCH CONFERENCES DENIED CARL SHRINER DUE PROCESS OF LAW BY DENYING HIM ANY BASIS FOR APPEAL ON PROCEEDINGS WHICH AFFECTED HIS FUNDAMENTAL RIGHTS.

7. THE FAILURE TO INCLUDE CARL SHRINER IN BENCH DISCUSSIONS FUNCTIONALLY DENIED HIM HIS RIGHT TO BE PRESENT AT A STAGE OF THE PROCEEDINGS WHICH AFFECTED HIS FUNDAMENTAL RIGHTS.

8. THE TRIAL COURT IMPROPERLY EXCLUDED VENIREMEN FOR CAUSE UNDER *Witherspoon v. Illinois* WITHOUT MAKING IT UNMISTAKABLY CLEAR THAT THEY WOULD AUTOMATICALLY VOTE AGAINST THE IMPOSITION OF CAPITAL PUN-

ISHMENT WITHOUT REGARD TO THE EVIDENCE ADDUCED AT TRIAL.

9. THE TRIAL COURT IMPROPERLY EXCLUDED VENIREMEN FOR CAUSE UNDER *Witherspoon v. Illinois* WITHOUT MAKING IT UNMISTAKABLY CLEAR THAT THEIR ATTITUDE TOWARD THE DEATH PENALTY WOULD PREVENT THEM FROM MAKING AN IMPARTIAL DETERMINATION OF GUILT OR INNOCENCE.

10. THE EXCLUSION OF VENIREMEN FOR CAUSE UNDER THE FIRST PRONG OF *Witherspoon v. Illinois* IN FLORIDA WAS IMPROPER AS A MATTER OF LAW INASMUCH AS THE JURY HAS NO BINDING AUTHORITY TO IMPOSE THE DEATH PENALTY AND A VERDICT OF DEATH OR LIFE REQUIRES A MERE MAJORITY VOTE.

11. UNDER THE FLORIDA STATUTORY SCHEME THE UNNECESSARY EXCLUSION OF A VENIREMAN UNDER THE FIRST PRONG OF *Witherspoon v. Illinois* VIOLATES DUE PROCESS OF LAW BECAUSE IT DEPRIVES THE DEFENDANT OF A JURY WHICH REPRESENTS A FAIR CROSS–SECTION OF THE COMMUNITY.

The district court after oral argument denied the writ, holding that two of the claims had been presented and decided in the earlier federal habeas proceedings and that this successive habeas petition constitutes an abuse of the writ. The district court also denied the petitioner's motion for a certificate of probable cause. On June 18, the same day that the district court entered its order, the petitioner filed a notice of appeal and made motions to this Court for a certificate of probable cause, for oral argument, and for an emergency stay of execution. On June 18, we granted a stay of execution pending further order of this Court and granted the request for oral argument, which we set for the morning of June 19. We have carried the motion for certificate of probable cause with the case.

After reviewing the papers submitted by the parties, the district court's opinion and order, and the transcript of argument before the district court, we conclude that all of Shriner's alleged grounds for relief have either been previously determined, have no merit, or constitute an abuse of the writ. Therefore we affirm the district court's denial of a petition for habeas corpus, deny the certificate of probable cause, and vacate the stay of execution.

██ Rule 9(b) of the Rules Governing Section 2254 cases in United States District Courts provides:

(b) Successive petitions. A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constitutes an abuse of the writ.

This rule codifies the Supreme Court's holding in *Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), which, while recognizing that res judicata principles do not apply to habeas corpus proceedings, nevertheless held that federal courts are not powerless to protect themselves from harassing and repetitive petitions. More recently, the Supreme Court has expressed concern over the tactic, which it recognized as coming into frequent use, of "multiple review in which claims that could have been presented years ago are brought forward—often in a piece meal fashion—only after the execution date is set or becomes imminent. Federal courts should not continue to tolerate—even in capital cases—this type of abuse of the writ of habeas corpus." *Woodard v. Hutchins,* ––– U.S. –––, ––– – –––, 104 S.Ct. 752, 753–54, 78 L.Ed.2d 541, 544–45 (1984). *See also Barefoot v. Estelle,* ––– U.S. –––, –––, 103 S.Ct. 3383, 3395, 77 L.Ed.2d 1090, 1105 (1983). Under Rule 9(b) there are two grounds upon which subsequent petitions for habeas corpus may be

denied. The first occurs when the claims of the petitioner are not "new or different." This occurs when the petitioner raises essentially the same legal arguments that he put forth in his initial petition but merely alleges or presents new or different factual support for those claims. *Smith v. Kemp,* 715 F.2d 1459, 1469 (11th Cir.1983). The second occurs when the petitioner presents new grounds for relief but his failure to present those grounds in his first petition was the result of deliberate withholding or inexcusable neglect. *Paprskar v. Estelle,* 612 F.2d 1003, 1006 (5th Cir. 1980). Once the state alleges an abuse of the writ, the burden falls on the petitioner to demonstrate that his earlier failure to raise an issue was not the result of intent or neglect. *Id.*

In reviewing the claims set out above, we conclude that any which may have merit were either raised and decided in Shriner's first habeas petition or constitute abuse of the writ. We agree with the district court that grounds 1 through 4 have all been raised earlier, albeit in slightly different form, and that Rule 9(b) therefore precludes Shriner from raising them again in this successive petition. In his first petition, Shriner argued that the trial judge restricted the consideration of non-statutory mitigating factors in violation of the Eighth and Fourteenth Amendments. Shriner's present attempt once again to raise the issue of mitigating factors merely revisits this issue by couching it in terms of ineffective assistance of counsel. His claim that *statutory* mitigating factors were not presented is based on the same facts as his non-statutory mitigating factors claim. Shriner may not be permitted to raise and re-raise the non-presentation of evidence of his deprived background merely by developing "different arguments and conclusions," *Smith v. Kemp, supra,* 715 F.2d at 1469, relating to that issue. Additionally, Shriner instructed his counsel not to present to the sentencing jury any evidence of mitigating circumstances. Similarly, Shriner's third and fourth claims both involve the voluntariness of his confession. That issue was fully litigated in Shriner's

first habeas proceeding and found to be without merit. Shriner contends that at the earlier proceeding he did not present evidence that he was intoxicated or under the influence of drugs when he gave his confession, but that he is now willing to testify to this effect. Because the evidence of Shriner's intoxication and drug use is and has been peculiarly within his own knowledge, his failure to present it along with his first habeas petition was clearly the consequence of his own neglect. More importantly, such evidence constitutes merely a new factual basis for the identical legal claim presented in the original petition. Shriner's attempt to couch the issue in ineffective assistance terms is once again unavailing. If such arguments were allowed on successive habeas petitions, every petitioner would be entitled to file and have considered successive petitions merely by alleging a substantive ground for relief in the initial petition and then, even after the initial petition is denied, by alleging in a second petition his attorney's failure to raise the substantive ground at the trial stage, claiming that such failure constituted ineffective assistance of counsel.

Shriner's fifth claim also involves ineffective assistance of counsel, but it claims that counsel was ineffective because he failed to raise issues that were not decided on the first habeas petition. Shriner presents the affidavit of his counsel, Dan O'Connell, in the first habeas proceeding, which states that O'Connell failed to raise ineffective assistance of counsel arguments because he had been one of Shriner's trial counsel as well, and he believed that there were legal and ethical problems with his arguing his own ineffectiveness. Shriner contends that this constitutes sufficient excuse for his failure to raise the ineffectiveness claims in the first petition and that he is entitled at the very least to an evidentiary hearing on the abuse of the writ issue. We find this contention without merit. In the first habeas hearing the district court asked O'Connell directly whether he wished to raise an ineffective assistance claim. He answered that he had scoured the trial

record and could find no basis for one. This seems to have been a reasonable answer, given that the ineffectiveness claims that Shriner now raises are without merit. Second, O'Connell's affidavit indicates that he fully informed Shriner of his reasons for not raising the ineffective issue. Shriner nevertheless made no effort to displace O'Connell as his counsel, obtain new counsel, or proceed pro se, and raise the ineffectiveness issue. Such strategic choice constitutes deliberate withholding of a claim, and subsequent assertion of that claim is abuse of the writ. *See, e.g., Montgomery v. Hopper*, 488 F.2d 877, 879 (5th Cir.1973).

Claims 6 and 7 are meritless and constitute an abuse of the writ. The petitioner has offered no reason why these claims, which involve the absence of bench conference transcripts and the failure to include Shriner in the bench conferences, were not presented to the first federal habeas court. Consequently, Shriner has failed to meet his burden of demonstrating that this failure was not the result of intentional withholding or inexcusable neglect. Moreover, the claims themselves are meritless. Shriner had no constitutional right to be present at the bench during conferences that involved purely legal matters, *cf. United States v. Killian*, 639 F.2d 206 (5th Cir.1981), nor does the absence of recorded bench conferences constitute a constitutional deprivation unless it renders our review impossible. *See Songer v. Wainwright*, 733 F.2d 788 (11th Cir.1984).

Shriner's remaining four claims, all of which raise claims under *Witherspoon v. Illinois*, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968), are similarly abusive of the writ. Shriner alleges no reason why he failed to raise these claims in his first petition; he has not demonstrated that this failure was due to causes other than intentional withholding or inexcusable neglect. Moreover, none of the claims, as presented to this Court or the district court, has merit. Claims 8 and 9 state generally that veniremen were improperly excluded under *Witherspoon*, but the petitioner is apparently unable to make any allegations about specific improprieties. The petitioner requests an evidentiary hearing which would, in short, constitute little more than a "fishing expedition." Such general allegations do not trigger the requirement of an evidentiary hearing. *Thomas v. Zant*, 697 F.2d 977 (11th Cir. 1983). Claims 10 and 11 argue that the exclusion of veniremen whose opposition to the death penalty would, in all cases, prevent them from voting for the death penalty but would not affect their guilt-innocence decision violates *Witherspoon* in states such as Florida, where the jury merely recommends sentence to a sentencing judge with independent discretion and where the jury's recommendation need not be unanimous. We reject this contention. Under *Witherspoon* a defendant in a capital case has no right to jurors, even if they only recommend sentence, whose sentencing decision is unalterably predetermined in the defendant's favor.

For the foregoing reasons, we AFFIRM the district court's denial of the writ of habeas corpus, we DENY the petitioner's motion for a certificate of probable cause, and we VACATE the stay of the petitioner's execution. We DISMISS the petitioner's petition filed pursuant to Title 28, § 1651 and petitioner's appeal from the June 18, 1984 judgment of the district court that denied his application for the writ of habeas corpus.

Finally, we DENY the petitioner's motion for a stay of execution pending our receipt of the transcript of the proceedings before the district court, conducted June 18, 1984, as moot since we have now received and reviewed that transcript.