Timothy C. PALMES, Petitioner,

v.

R.L. DUGGER, Superintendent, Florida State Prison, et al., Respondents.

No. 84–1280–Civ–J–12.

United States District Court, M.D. Florida, Jacksonville Division.

Nov. 4, 1984.

Thomas B. McCoun, III, Louderback, McCoun & Helinger, St. Petersburg, Fla., for petitioner.

Jim Smith, Atty. Gen., State of Fla., Carolyn M. Snurkowski, Asst. Atty. Gen., Dept. of Legal Affairs, Miami, Fla., for respondents.

## OPINION AND ORDER DENYING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS

MELTON, District Judge.

This cause is before the Court on a successive Petition for Writ of Habeas Corpus, filed herein on November 2, 1984, by TIMOTHY CHARLES PALMES, a death-row inmate at Florida State Prison. On November 3, 1984, respondents filed a response to said petition. On the same day, the Court heard oral argument on all of the grounds raised in the petition. After extensively reviewing the entire record herein, and after carefully considering argument of counsel for the respective parties, the Court is of the opinion that the petition should be denied.

## PROCEDURAL HISTORY

On October 28, 1976, petitioner was indicted for the first-degree murder of James Stone in Duval County, Florida, and on April 8, 1977, petitioner was convicted of that crime. Petitioner waived his right to an advisory sentencing jury, and the trial judge imposed the death sentence on June 22, 1977. The Florida Supreme Court affirmed petitioner's judgment and sentence in *Palmes v. State*, 397 So.2d 648 (Fla.1981) [hereinafter *Palmes I*], and the United States Supreme Court denied a petition for writ of certiorari in *Palmes v. Florida*, 454 U.S. 882, 102 S.Ct. 369, 70 L.Ed.2d 195 (1981).

On May 18, 1982, the Governor of Florida signed a death warrant ordering petitioner's execution during the week commencing June 14, 1982, and ending June 21, 1982. On June 7, 1982, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody [hereinafter Original Petition] with this Court and requested a stay of execution. Petitioner asserted, as his sole ground for relief, the allegedly improper use of nonrecord materials by the Florida Supreme Court in reviewing the cases of death-row inmates. In an order dated June 11, 1982, this Court stayed petitioner's execution. This Court also denied the Original Petition with leave to file an amended petition raising all additional constitutional claims.

On August 11, 1982, petitioner filed his Amended Petition for Writ of Habeas Corpus by a Person in State Custody [hereinafter Amended Petition]. By order dated September 17, 1982, this Court directed petitioner to return to state court to exhaust his state remedies. Pursuant to Fla.R. Crim.P. 3.850, petitioner filed a Motion to Vacate Judgment and Death Sentence

[hereinafter First 3.850 Motion] on September 17, 1982. Florida Circuit Court Judge Thomas D. Oakley, Jr., held a hearing on October 15, 1982, on petitioner's First 3.850 Motion and on the same date denied the motion [hereinafter First 3.850 Order]. The denial of the Rule 3.850 Motion was affirmed by the Florida Supreme Court on January 6, 1983, in *Palmes v. State*, 425 So.2d 4 (Fla.1983) [hereinafter *Palmes II*].

On January 25, 1983, petitioner filed with this Court his Second Amended Petition for Writ of Habeas Corpus by a Person in State Custody [hereinafter Second Amended Petition], raising eleven claims. In an order entered on August 11, 1983, the United States Court of Appeals for the Eleventh Circuit [hereinafter Eleventh Circuit] affirmed this Court's denial of the Second Amended Petition. *Palmes v. Wainwright*, 725 F.2d 1511 (11th Cir.1984). The United States Supreme Court denied a petition for writ of certiorari on October 1, 1984. *Palmes v. Wainwright*, —— U.S. ——, 105 S.Ct. 227, 83 L.Ed.2d 156 (1984). A Petition for Rehearing, an Application for Suspension of the Order Denying Certiorari, and an Application for Stay of Execution were denied by the United States Supreme Court on October 29, 1984. *Palmes v. Wainwright*, —— U.S. ——, 105 S.Ct. 374, 83 L.Ed.2d 310 (1984).

On October 9, 1984, the Governor of Florida signed a death warrant ordering petitioner's execution during the week commencing November 1, 1984, and ending November 8, 1984. On October 30, 1984, petitioner filed in the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, the following three motions: Motion to Vacate Sentence, pursuant to Fla.R.Crim.P. 3.850 [hereinafter Second 3.850 Motion]; Motion for Evidentiary Hearing; and Application for a Stay of Execution. Florida Circuit Court Judge Virginia Q. Beverly heard oral argument on petitioner's motions on October 31, 1984 [hereinafter Second 3.850 Hearing], and denied the motions in an order entered on November 1, 1984 [hereinafter Second 3.850 Order].

On October 30, 1984, petitioner filed Petition for Writ of Habeas Corpus with the Florida Supreme Court. On November 2, 1984, the Florida Supreme Court heard argument of counsel both on the Petition for Writ of Habeas Corpus and on the appeal from the Second 3.850 Order. On the same day, the Florida Supreme Court denied relief on the Petition for Writ of Habeas Corpus and affirmed the Second 3.850 Order. *Palmes v. Wainwright*, 460 So.2d 362 (Fla.1984) [hereinafter *Palmes III*].

Petitioner filed the instant successive petition [hereinafter Successive Petition] with this Court at 2:47 p.m. on November 2, 1984, together with a motion for leave to proceed *in forma pauperis*, an emergency application for stay of execution, and supporting memoranda and documents.

## GROUNDS FOR RELIEF

### I. THE DENIAL OF DUE PROCESS

In his first claim, petitioner argues that he was denied due process when the prosecutor failed to disclose promises and/or threats made to state's witness, Jane Albert. Petitioner concedes that the grant of immunity given Albert, a participant in the murder scheme, was made known to the jury by both the prosecution and defense. Trial Transcript at 302, 476–78. Petitioner alleges that the prosecutors or law enforcement personnel threatened Albert that if she refused to testify she could lose custody of her daughter. Petitioner also contends that the prosecutor failed to disclose the fact that Albert was promised a new identity and relocation in exchange for her testimony against petitioner. Both the trial court and the Florida Supreme Court rejected this claim after considering the issue on its merits. Second 3.850 Hearing; *Palmes III*.

This Court is of the opinion that presentation of this new claim in a successive habeas corpus petition constitutes an abuse of the writ under Rule 9(b), Rules Governing Section 2254 Cases in the United States

District Courts [hereinafter Rule 9(b)]. Rule 9(b) codifies *Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), where the Supreme Court recognized that while *res judicata* is inapplicable to habeas corpus proceedings, federal courts are not powerless to protect themselves from harassing and repetitive petitions. *Id.* at 7, 83 S.Ct. at 1072. The Supreme Court recently recognized that

> [a] pattern seems to be developing in capital cases of multiple review in which claims that could have been presented years ago are brought forward—often in a piecemeal fashion—only after the execution date is set or becomes imminent. Federal courts should not continue to tolerate—even in capital cases—this type of abuse of the writ of habeas corpus.

*Woodard v. Hutchins,* —— U.S. ——, 104 S.Ct. 752, 753, 78 L.Ed.2d 541 (1984) (Burger, C.J., Powell, Blackman, Rehnquist, O'Connor, JJ., concurring).

Under Rule 9(b), a successive habeas corpus petition may be dismissed in either of two situations: (1) where petitioner's claim is not based on new or different grounds and there was a prior determination of the claim on the merits; or (2) where petitioner's claim is based on new or different grounds, but failure to assert those grounds in an earlier petition constitutes an abuse of the writ.

■ The doctrine of abuse of the writ is applicable only to the second situation where a new or different claim is asserted. Once the state alleges abuse of the writ, the petitioner has the burden of showing that his failure to raise the new claim earlier was not a result of deliberate withholding or inexcusable neglect. *In re Shriner,* 735 F.2d 1236, 1240 (11th Cir.1984). If the petitioner presents a "justifiable reason" for failing to raise the claim earlier, a reason which makes it "fair and just for the trial court to overlook the delay", the court should address the merits of the successive petition. *Price v. Johnston,* 334 U.S. 266, 291, 68 S.Ct. 1049, 1063, 92 L.Ed. 1356 (1948). *See also Potts v. Zant,* 638 F.2d 727, 741 (5th Cir.1981) (Unit B), *cert. de-nied,* 454 U.S. 877, 102 S.Ct. 357, 70 L.Ed.2d 187 (1981).

With regard to petitioner's first claim, the Court concludes that petitioner has failed to present a justifiable reason for not presenting this claim in any of his earlier habeas corpus petitions. Petitioner argues that because he only recently learned of the facts of the undisclosed alleged promises and/or threats made to Albert, he was not inexcusably neglectful for failing to raise this claim earlier. This Court is of the opinion, however, that petitioner had ample opportunity to discover and raise this claim earlier, and the failure to do so was inexcusable neglect. At trial, defense counsel knew about the grant of immunity given Albert and made that fact known to the jury. Trial Transcript at 476–78. Trial counsel could have then asked Albert whether any additional threats or promises had been made to her in exchange for her testimony. On direct appeal, counsel could also have made inquiries of Albert as to whether any additional promises or threats had been made. Petitioner again had the opportunity to investigate and present this claim in prior habeas corpus petitions, but failed to do so. It was only with the signing of petitioner's second death warrant, that petitioner's sister, Ms. Watts, telephoned Albert to inquire whether any promises or threats had been made to induce her to testify at petitioner's trial. There is nothing to suggest that Albert would have responded differently if a similar inquiry had been made at the time of the earlier habeas corpus petitions. Thus petitioner's failure to raise this claim earlier was inexcusable neglect and constitutes an abuse of the writ. Even if this claim were not precluded under the doctrine of abuse of the writ, the Court would conclude that no due process violation resulted from the prosecutor's failure to disclose to petitioner the promises and threats made to Albert. For purposes of this discussion, the Court will assume that the allegations contained in the sworn statement of Ms. Watts are true. *See* Deposition of Rosalyn Watts, Oct. 25, 1984.

Under *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963), suppression of material evidence favorable to petitioner upon request violates due process. The Supreme Court in *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), defined the standard of "materiality" as it applied in three situations, two of which are relevant here. First, when a specific discovery request is made, giving the state notice of exactly what defendant desires, the prosecutor's failure to respond warrants a new trial if the suppressed evidence "might have affected the outcome of the trial." *Id.* at 104, 96 S.Ct. at 2398. When only a general request for exculpatory material is made and the prosecutor does not disclose such evidence, constitutional error occurs only if the suppressed evidence "creates a reasonable doubt that does not otherwise exist." *Id.* at 112, 96 S.Ct. at 2402.

In his original demand for discovery, petitioner requested "[a]ny material information which the State has within its possession or control which tends to negate the guilt of the accused as to the offense charged." *See* Transcript of Record of the Florida Supreme Court, *Palmes I,* vol. 1 at 4. This discovery request was general in nature because it did not give the prosecutor notice of exactly what the defense was seeking. *Agurs,* 427 U.S. at 104, 96 S.Ct. at 2397. Under the latter standard, then, there was no due process violation because the suppressed evidence of threats and promises to Albert did not create a reasonable doubt that did not otherwise exist as to her credibility. The jury already knew that Albert was just as guilty as petitioner in the murder scheme, *see* Trial Transcript at 1032, and that she had been given a grant of immunity to testify. This grant of immunity freed Albert from the threat of life imprisonment or the death penalty and enabled her to retain custody of her daughter. The Court discerns little difference between the promise of immunity if Albert agreed to testify and a threat to take away custody of Albert's daughter if Albert refused to testify. Thus the Court agrees with the Florida

Supreme Court's conclusion that disclosure of this information "would only have added marginally to the defendant's ability to impeach the witness and was not material to the fundamental question of guilt or innocence." *Palmes III* at 4.

Finally, petitioner relies on *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1971), for the proposition that due process requires a new trial in this case. The Court concludes, however, that *Giglio* is factually distinguishable from this cause. In *Giglio,* a new trial was required when the state's *sole* witness linking petitioner with the crime falsely testified that he received no promise of immunity. The government in *Giglio* did not correct the witness' false statement.

In this case, however, there have been no allegations that Albert gave false testimony to the jury; indeed, she admitted that the only reason she was testifying was because she had been given immunity. Trial Transcript at 302, 476–78. Moreover, Albert was not the only witness who linked petitioner to the crime. Her daughter, who was present at the scene of the murder, also testified against petitioner. *Id.* at 617–42. In addition, the jury heard evidence of petitioner's pretrial confession to the crime, which confession petitioner later recanted at trial.

## II. DISMISSAL OF A JUROR DURING TRIAL

Petitioner asserts in claim two that he was denied his sixth, eighth and fourteenth amendment rights by the court's dismissal of a juror during the trial. The Court is of the opinion that presentation of this new claim in a successive habeas corpus petition is an abuse of the writ under Rule 9(b). *See Antone v. Dugger,* —— U.S. ——, 104 S.Ct. 962, 964, 79 L.Ed.2d 147 (1984); *Woodard v. Hutchins,* 104 S.Ct. at 753; *Sanders v. United States,* 373 U.S. at 17–19, 83 S.Ct. at 1078–1079.

Petitioner concedes that this claim is based on facts which were in existence and known to petitioner at the time the earlier

habeas petitions were filed. Successive Petition at 18–19. Petitioner contends, however, that this "colorable constitutional claim" arose, subsequent to the earlier petitions, only after the decision of the Eleventh Circuit in *Green v. Zant,* 715 F.2d 551 (11th Cir.1983). The Court notes that there is case law prior to *Green v. Zant* which supports the right to challenge a trial court's dismissal of a juror. *See, e.g., United States v. Rodriguez,* 573 F.2d 330, 332 (5th Cir.1978) (trial court's dismissal of a juror without factual support is prejudicial to defendant); *United States v. Smith,* 550 F.2d 277, 285 (5th Cir.1977). The decision in *Green v. Zant* does not change previously existing law; it merely expounds on the scope of inquiry a trial court should make before dismissing a juror. Because petitioner has not presented a justifiable reason for failing to assert this claim earlier, petitioner's second claim should be dismissed as an abuse of the writ.

█  Even if presentation of this claim in the instant successive petition were not an abuse of the writ, petitioner is barred from raising this issue in a federal habeas corpus proceeding[1], absent a showing of cause for and prejudice from the procedural default. *See Wainwright v. Sykes,* 433 U.S. 72, 89, 97 S.Ct. 2497, 2507, 53 L.Ed.2d 594 (1977); *Ford v. Strickland,* 696 F.2d 804, 816 (11th Cir.1983) (en banc). Unlike *Green v. Zant,* 715 F.2d at 555, or *Peek v. Kemp,* 746 F.2d 672, at 681, (11th Cir.1984), the juror in petitioner's case was not dismissed during jury deliberations nor did the court fail to question the juror as to her capacity to continue. *See* Trial Transcript at 450–53. Petitioner has not shown any actual prejudice resulting from the replacement of this juror which affected his conviction. *See Smith v. Kemp,* 715 F.2d 1459, 1470–72 (11th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 510, 78 L.Ed.2d 699 (1983). In addition, petitioner cannot show cause for failing to comply with the state procedural rule. As previously stated, there has not been any change in the law resulting from the decision in *Green v. Zant;* therefore, this alleged error could have been objected to at trial and could have been raised on appeal. Because petitioner cannot show cause for or prejudice from this default, he is now barred from raising this issue.

## III. EXCLUSION OF GENERAL PUBLIC FROM TRIAL DURING TESTIMONY OF STEPHANIE ALBERT

Petitioner's third claim is that he was denied his sixth and fourteenth amendment rights to a public trial by the exclusion of the general public during the testimony of witness Stephanie Albert. This Court is of the opinion that presentation of this claim in the instant successive habeas corpus petition constitutes an abuse of the writ under Rule 9(b). *See Woodard v. Hutchins,* 104 S.Ct. at 753.

Petitioner has not offered this Court a justifiable reason for his failure to raise this claim earlier. Petitioner does not attempt to justify his failure to raise this claim earlier by alleging that he has recent-

---

**1.** Petitioner argues that claims two, three and four are not procedurally barred because the Florida Supreme Court addressed the merits of those claims in *Palmes III. See* Transcript of Hearing on Successive Petition on Nov. 3, 1984, at 5–10. Specifically, petitioner points out the discussion by the Florida Supreme Court of whether any of the three claims not raised at trial or on direct appeal "call[ ] into question the fundamental fairness of the trial, the reliability of the determination of guilt, or the propriety of the sentence of death." *Palmes III* at 3. This Court is of the opinion that the Florida Supreme Court relied on procedural default and did not adjudicate the merits of these three claims. The Florida Supreme Court specifically labelled these claims "waived contentions." *Id.* at 4. The Florida Supreme Court addressed the fundamental fairness of each issue only to determine whether a question of fundamental fairness had been raised. If such a question had been raised, then it would not be barred as an "ordinary procedural [error] which must be raised on appeal if [it is] to be raised at all." *Id.* at 3. In fact, the Florida Supreme Court found petitioner's fifth claim to be a "fundamental matter that can be raised by collateral challenge to a conviction." *Id.* at 4. Consequently, unlike the other three claims, the Florida Supreme Court addressed the merits of petitioner's fifth claim.

ly discovered facts which were previously unknown; instead, petitioner contends that a change in the law since the earlier petitions excuses his failure to raise this claim in an earlier petition. *See* Successive Petition at 53–54; Transcript of Hearing on Successive Petition on Nov. 3, 1984, at 46–49 [hereinafter Successive Petition Hearing]. In the instant petition, however, petitioner relies on *Gannett Co. v. DePasquale,* 443 U.S. 368, 99 S.Ct. 2898, 61 L.Ed.2d 608 (1979), and on the dissenting opinion of Justice England in *Douglas v. State,* 328 So.2d 18, 22 (Fla.), *cert. denied,* 429 U.S. 871, 97 S.Ct. 185, 50 L.Ed.2d 151 (1976). *See* Successive Petition at 53–54, 56. Both *Gannett* and *Douglas* were decided prior to petitioner's filing of the Original Petition on June 7, 1982, his Amended Petition on August 11, 1982, and his Second Amended Petition on January 25, 1983. The right to a public trial was not a newly-developed or novel issue when petitioner filed his previous petitions in this Court. Therefore, the Court finds that petitioner's failure to present this claim in a prior petition was the result of inexcusable neglect and that petitioner's third claim should be dismissed as an abuse of the writ.

Even if petitioner had met his burden of showing that his failure to raise the third claim in an earlier petition was not the result of neglect, petitioner's trial counsel made no objections at trial to this alleged error, *see* Trial Transcript at 596; further, this issue was not raised on direct appeal to the Florida Supreme Court. Consequently, this claim is barred from review in a federal habeas corpus proceeding[2], absent a showing of cause for and prejudice from the procedural default. *See Ford v. Strickland,* 696 F.2d at 816–17. Petitioner contends that his failure to object to or appeal from the trial court's decision to exclude the general public from the trial is excusable because of the adverse ruling in *Douglas.* The Florida Supreme Court's holding in *Douglas,* a case in which the general public was excluded during a rape victim's testimony, did not preclude petitioner from objecting to or appealing from the trial court's decision to exclude the general public from a child's testimony in a homicide case. The interests favoring the exclusion of the public from a rape victim's testimony are different from those favoring the exclusion of the general public in petitioner's trial. *See, e.g., United States v. Sielaff,* 561 F.2d 691 (7th Cir.1977), *cert. denied,* 434 U.S. 1076, 98 S.Ct. 1266, 55 L.Ed.2d 782 (1978). The right to a public trial is a fundamental constitutional right, and was not a novel claim at the time of petitioner's trial and direct appeal. *See Douglas,* 328 So.2d at 22 (England, J., dissenting). Petitioner has therefore not demonstrated cause for this default, and petitioner is now barred from raising this issue.

## IV. JURY INSTRUCTION ON LESSER INCLUDED OFFENSES

In his fourth claim, petitioner contends that the instruction to the jury of all lesser included offenses of homicide leads to arbitrary and capricious results and thereby violates petitioner's eighth and fourteenth amendment rights. This Court is of the opinion that petitioner's raising this claim in this successive petition constitutes an abuse of the writ under Rule 9(b). *See Woodard v. Hutchins,* 104 S.Ct. at 753.

Petitioner has not presented this Court with a justifiable reason for his failure to raise this claim earlier. Petitioner does not attempt to justify his failure to raise this claim earlier by alleging that facts have recently surfaced which were previously unknown; instead, petitioner contends that a change in the law since the earlier petitions excuses his failure to raise this claim earlier. The case on which petitioner grounds his right to relief on this claim in the instant petition, *Hopper v. Evans,* 456 U.S. 605, 102 S.Ct. 2049, 72 L.Ed.2d 367 (1982), was decided on May 24, 1982, prior to petitioner's filing his Original Petition on June 7, 1982, his Amended Petition on August 11, 1982, or his Second Amended Petition on January 25, 1983. Therefore, the

---

**2.** *See supra* note 1.

Court finds that petitioner's failure to present this claim in a prior petition was the result of inexcusable neglect and that petitioner's fourth claim should be dismissed as an abuse of the writ.

Even if petitioner had met his burden of showing that his failure to raise the fourth claim in an earlier petition was not the result of neglect, petitioner's failure to object at trial, *see* Trial Transcript at 912–15, and petitioner's failure to raise this claim on direct appeal, bar petitioner from raising this issue in a federal habeas corpus proceeding[3], absent a showing of cause for and prejudice from the procedural default. *See Ford v. Strickland,* 696 F.2d at 816–17. Petitioner has demonstrated neither cause for nor prejudice from this default, *see Hitchcock v. Wainwright,* 745 F.2d 1332 (11th Cir.1984), and therefore petitioner is now barred from raising this issue.

## V. PROPORTIONALITY CLAIM

■ Petitioner makes two related arguments in his fifth claim. Petitioner's first argument is that the sentence of death should not have been upheld in petitioner's direct appeal to the Florida Supreme Court because of the disparity existing between petitioner's sentence of death and the grant of immunity given to Albert. In affirming this Court's denial of petitioner's Second Amended Petition, the Eleventh Circuit in *Palmes v. Wainwright,* 725 F.2d 1511 (11th Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 227, 83 L.Ed.2d 156 (1984), denied petitioner relief on this claim. The court held as follows:

> Finally, appellant claims that his sentence violates the eighth and fourteenth amendments because it is so disproportionate to the grant of immunity to Jane Albert. Ronald Straight, another actor in this murder scheme was also sentenced to death. The Supreme Court has stated that discretionary decisions of state prosecutors to grant immunity to some participants of a crime and not others is not arbitrary or cruel and unusual under the constitution. *See Gregg v. Georgia,* 428 U.S. 153, 199, 96 S.Ct. 2909, 2937, 49 L.Ed.2d 859 (1976) (Justices Stewart, Powell, and Stevens); *Proffitt v. Florida,* 428 U.S. at 254, 96 S.Ct. at 2967. Appellant's claim that Jane Albert was not similarly punished is not a cognizable basis for relief.

725 F.2d at 1524.

There having been no intervening change in the law since the Eleventh Circuit's ruling, this Court is of the opinion that the ends of justice would not be served by a redetermination of this claim on the merits, in that this claim, albeit in a slightly different form, was raised in the Second Amended Petition and was determined on the merits adversely to petitioner. Rule 9(b); *In re Shriner,* 735 F.2d at 1239–41; *Smith v. Kemp,* 715 F.2d at 1467–69.

Petitioner's second argument is that the Florida Supreme Court's opinion on the direct appeal failed to explicate the proportionality review, which failure to explicate frustrated federal court review and thereby denied petitioner his eighth and fourteenth amendment rights. The presentation of this claim in the instant successive habeas corpus petition constitutes an abuse of the writ under Rule 9(b). *See Woodard v. Hutchins,* 104 S.Ct. at 753.

Petitioner has not offered this Court a justifiable reason for his failure to raise this argument earlier. Petitioner has not alleged that new facts have been recently discovered which now make it possible to raise this claim. The fact that the Florida Supreme Court's consideration of proportionality was not "explicated" is evident on the face of *Palmes I.* Furthermore, petitioner has not shown that his failure to present this argument earlier was justified by a recent development in the law. Petitioner relies on Advisory Committee Note to Fed.R.Civ.P. 52, *see* Successive Petition at 73, and on Justice Brennan's dissent in *Pulley v. Harris,* —— U.S. ——, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984), *see* Successive Petition Hearing at 60–61. Neither the advisory note nor Justice Brennan's dissent is a recent development in the law which would justify petitioner's failure to raise this argument in an earlier petition. There-

---

3. *See supra* note 1.

fore, this Court concludes that petitioner's failure to raise this argument earlier is the result of inexcusable neglect and that the second argument of petitioner's fifth claim should be dismissed as an abuse of the writ. Accordingly, it is

ORDERED AND ADJUDGED:

1. That the Petition for Writ of Habeas Corpus, filed herein on November 2, 1984, is hereby denied;

2. That the Application for a Stay of Execution, filed herein on November 2, 1984, is hereby denied;

3. That petitioner is hereby granted leave to appeal *in forma pauperis* pursuant to 28 U.S.C. § 1915 (1982);

4. That this Court declines to issue a certificate of probable cause to appeal pursuant to 28 U.S.C. § 2253 (1982) and Fed.R. App.P. 22(b), in that the instant Petition for Writ of Habeas Corpus is frivolous and constitutes an abuse of the writ; and

5. That the Clerk of the Court shall enter Judgment dismissing this action.