896 F.2d 1366
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Glenn BARMER, Petitioner-Appellant,
v.
STATE OF MARYLAND, Respondent-Appellee.
 No. 87-6634.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 27, 1989.
Decided: Feb. 14, 1990.
Rehearing and Rehearing In Banc Denied March 15, 1990.
 
 Glenn Barmer, appellant pro se.
 Ann Elizabeth Singleton, Assistant Attorney General, for appellee.
 Before K.K. HALL, PHILLIPS and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Glenn Barmer, a Maryland prisoner, seeks to appeal the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for federal habeas corpus relief. In this petition, Barmer asserted violations of his constitutional rights to a speedy trial, to effective assistance of counsel, and to be present during bench conferences. We deny a certificate of probable cause and dismiss the appeal.
 
 
 2
 We agree with the district court's disposition of Barmer's claim that the state violated his right to a speedy trial. As to that claim, a certificate of probable cause to appeal is denied on the reasoning of the district court. Barmer v. Maryland, C/A No. B-86-2441 (D.Md. July 16, 1987).
 
 
 3
 The district court dismissed Barmer's other two claims by applying the 28 U.S.C. Sec. 2254(d) presumption of correctness to state court findings made after a post-conviction hearing. The court erred in applying the presumption without obtaining a transcript of the state post-conviction hearing, especially in light of Barmer's contention that he did not receive a fair hearing in state court. See 28 U.S.C. Sec. 2254(d)(6) (presumption of correctness applies only if petitioner received full and fair hearing in state court); Townsend v. Sain, 372 U.S. 293, 319 (1963) (complete record, including transcript, is indispensable in determining whether applicant received full and fair state court evidentiary hearing resulting in reliable findings).
 
 
 4
 We find that a remand is unwarranted, however, because Barmer made no specific factual allegations which would entitle him to habeas corpus relief. Barmer claimed that his attorney was ineffective for failing to call Ronald Woolford as a witness, but he did not say how Woolford would have helped his case. Barmer also claimed that his constitutional rights were violated because he was not present during bench conferences. Our review of the record disclosed no bench conference which could be considered a critical stage of the proceedings during which Barmer's presence was constitutionally required. See Kentucky v. Stincer, 482 U.S. 730 (1987); In re Shriner, 735 F.2d 1236, 1241 (11th Cir.1984). Barmer has not suggested that there were other bench conferences that were not disclosed by the record.
 
 
 5
 Accordingly, we deny a certificate of probable cause and dismiss the appeal. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and oral argument would not significantly aid the decisional process.
 
 
 6
 DISMISSED.