420 So.2d 567 (1982)
James David RAULERSON, Appellant,
v.
STATE of Florida, Appellee.
Nos. 59680, 59757.
Supreme Court of Florida.
August 26, 1982.
Rehearing Denied November 3, 1982.
*569 David J. Busch, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for appellant.
Jim Smith, Atty. Gen. and Carolyn M. Snurkowski, Asst. Atty. Gen., Tallahassee, for appellee.
ADKINS, Justice.
We have for review an order denying a motion to vacate judgment and sentence pursuant to Florida Rule of Criminal Procedure 3.850, as well as a direct appeal of a sentence of death. Appellant, James David Raulerson, was found guilty of first-degree murder and sentenced to death. This Court affirmed the trial court's judgment and sentence. See Raulerson v. State, 358 So.2d 826, cert. denied, 439 U.S. 959, 99 S.Ct. 364, 58 L.Ed.2d 352 (1978). Following our affirmance, appellant filed a petition for writ of habeas corpus in the United States District Court, Middle District, which presented a single Gardner (Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977)), issue for that Court's determination. While awaiting the federal district court's decision, appellant, pursuant to Florida Rule of Criminal Procedure 3.850, filed, in the trial court, a motion to vacate judgment and sentence alleging several constitutional infirmities in the guilt and sentencing phases of the trial.
Before determination of the motion for post-conviction relief, which was subsequently denied by the trial court on May 9, 1980, the federal district court granted appellant's habeas corpus petition and directed that a new sentencing hearing be held within sixty days. The sentencing hearing was originally set by the trial court for July 15, 1980, but at a status conference held on July 15, 1980, that date was rescheduled for July 21, 1980. On July 16, 1980, the federal district court relaxed the sixty-day time constraint that it had placed on the new sentencing hearing, and on July 21, 1980, the lower court once again continued the sentencing proceeding, which was finally held on August 11, 1980. On August 12, 1980, appellant was again sentenced to death by the lower court. Appellant then filed a notice of appeal to this Court in case nos. 59,680 and 59,757 in which he sought review of the trial court's denial of his motion for post-conviction relief and his sentence of death. These cases have been consolidated by this Court. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
Appellant raises eighteen issues in support of his assertion that the court below erred in denying his motion for post-conviction relief. We have reviewed these issues and find that appellant's motion fails to raise any grounds which require reversal of the trial court's denial.
Concerning appellant's argument that he should have been granted post-conviction relief because the trial court improperly instructed the jury as to the underlying felonies in his trial for felony-murder, the Court finds that this issue could have been raised at trial or on direct appeal, and that failure to do so constitutes a waiver for purposes of appellant's 3.850 motion. A motion to vacate judgment and sentence cannot be used as a substitute for an appeal, and where matters raised therein could have been or were raised on direct appeal, denial of the motion is proper. See Meeks v. State, 382 So.2d 673 (Fla. 1980).
In regard to appellant's assertion that the trial court erred in not allowing his counsel to withdraw, this Court finds no basis for reversing the trial court's denial.
*570 Appellant also contends that the trial court erred in denying his request for an evidentiary hearing to determine whether he was denied effective assistance of counsel. At the time that the trial court ruled on appellant's motion for postconviction relief, the rule of law in Florida was that claims of denial of effective assistance of counsel based on inadequacy or incompetence of retained counsel were not cognizable as grounds for challenging conviction on appeal or collaterally in a motion for post-conviction relief under Rule 3.850. Cappetta v. Wainwright, 203 So.2d 609 (Fla. 1967). Based on this authority, the trial court concluded that appellant's motion for post-conviction relief failed to raise grounds "properly cognizable in a post-conviction proceeding under and pursuant to Rule 3.850, Fla. R.Crim.P." Notwithstanding this finding, the trial court went on to review the transcript of appellant's trial and concluded that it conclusively shows that counsel for appellant met the standard of effectiveness of counsel as recently adopted by the Florida Supreme Court in Meeks v. State, 382 So.2d 673 (Fla. 1980).
On May 7, 1980, almost one year after the trial court had ruled on appellant's motion for post-conviction relief, this Court rendered its decision in Vagner v. Wainwright, 398 So.2d 448 (Fla. 1981), which overruled Cappetta and held that claims of denial of effective assistance of counsel based on inadequacy or incompetence of retained counsel are cognizable in state courts as grounds for challenging convictions on appeal or collaterally in a Rule 3.850 motion.
Based on this Court's decisions in Vagner and Meeks, appellant now argues that the dismissal of his Rule 3.850 motion by the court below was erroneous, and that an evidentiary hearing on his claim that he was denied effective assistance of counsel should have been granted. In Meeks the Court held as follows:
Pursuant to a rule 3.850 motion, a prisoner is entitled to an evidentiary hearing unless the motion and the files and the records conclusively show that he is entitled to no relief. If the prisoner raises a matter that may properly be considered in a rule 3.850 motion, the trial judge reviewing the motion must either attach that portion of the case file or record which conclusively shows that the prisoner is entitled to no relief or grant an evidentiary hearing.
Meeks v. State, 382 So.2d 673, 676 (Fla. 1980).
Appellant argues that in the instant case the trial court violated the rule announced in Meeks by summarily denying his 3.850 motion without attaching that portion of the case file or record which conclusively showed why appellant was not entitled to an evidentiary hearing. Because of this alleged violation of Meeks, appellant claims he is entitled to an evidentiary hearing on his motion for post-conviction relief.
We disagree. This Court's decisions in Vagner and Meeks were rendered after the trial court had ruled on appellant's 3.850 motion. Therefore, when the trial court denied appellant's motion it was not necessary to attach that portion of the record which conclusively showed that he was entitled to no relief, as the motion charging ineffective assistance of private counsel was defective on its face and, therefore, legally insufficient. The only way in which this Court is able to determine whether appellant was erroneously denied an evidentiary hearing on his claim of ineffective assistance of counsel is to consider the entire record for the purpose of determining whether he was entitled to no relief. We have done so and find that the trial court properly denied appellant an evidentiary hearing on his claim of ineffective assistance of counsel. There can be no harmful error in the court's failure to attach a copy of the entire record to its order.
As a third ground in support of his motion for post-conviction relief, appellant argues that the trial court should have granted his counsel's motion, made at the 3.850 proceeding, to withdraw. Withdrawal was warranted, he contends, because of a conflict of interest which developed as a result of allegations by the state regarding the propriety of appellant's counsel's decision *571 to file a motion for post-conviction relief on behalf of appellant. Our review of the record indicates that while the state was critical of the motives behind defense counsel's timing in raising the motion for post-conviction relief, this criticism did not create any conflict of interest between appellant and his counsel. Accordingly, we find that the trial court properly denied the motion to withdraw.
Appellant does not present any argument in his brief concerning the remaining issues raised in his 3.850 motion other than to state that the trial court summarily denied each of the requests for relief without attaching portions of the record which conclusively show that he is not entitled to relief, that each claim he raised has merit; and that he does not intend to waive these claims for purposes of appeal.
In determining the merit of appellant's remaining claims, we have reviewed the entire record. We find that every claim raised either should have been raised and was not, or was not a proper issue for review under a 3.850 motion, or failed to state grounds upon which relief could have been granted pursuant to a motion to vacate, or was conclusively refuted by the record, or was decided adversely to appellant by this Court on direct appeal.
We now consider the propriety of appellant's second sentencing hearing, which he contests, on several points. First, appellant questions the sufficiency of the findings relied on by the sentencing court, arguing that four of the aggravating circumstances were improperly found applicable. Specifically, he contends that his actions did not create a great risk of death to many persons, that it was improper to find as aggravation that the murder was committed immediately after commission of the crime of rape, that it was not especially heinous, atrocious, or cruel, and that the finding that it was committed for pecuniary gain must be stricken as an improper doubling of aggravating factors. Only one argument has merit.
Appellant's action did create a great risk of death to many persons. Section 921.141(5)(c), Florida Statutes (1973). There were four non-participating, unarmed, and innocent people present in the restaurant during the shoot-out between appellant and the police. That they took refuge on the floor behind tables and counters certainly does not mean that they were in no risk of being killed. A gun battle in a confined area certainly created a "likelihood" or "high probability" that someone, bystanders or police officers, would be hit and killed. See Kampff v. State, 371 So.2d 1007 (Fla. 1979); Section 921.141(5)(c) was applicable.
Also properly applied was the aggravating circumstance that the murder was committed after commission of a rape. Section 921.141(5)(d). Appellant argues that because the crime of "rape" was repealed in 1974, no such offense existed at the time of this killing and so section 921.141(5)(d), which specifically refers to "rape", cannot be applied to him. We have considered similar arguments before, and found them without merit. See Adams v. State, 412 So.2d 850 (Fla. 1982), and Hitchcock v. State, 413 So.2d 741 (Fla. 1982).
Likewise without merit is appellant's speculation regarding improper doubling of aggravating circumstances. There was no finding that the killing was committed during a robbery, (section 921.141(5)(d)), and so the application of section 921.141(5)(f), relating to capital felonies committed for pecuniary gain, was permissible.
There is merit, however, to appellant's argument regarding the finding that the killing was heinous, atrocious, and cruel. See section 921.141(5)(h). Applicable here is the observation made in Williams v. State, 386 So.2d 538, 543 (Fla. 1980), quoting State v. Dixon, 283 So.2d 1, 9 (Fla. 1973), cert. denied, 416 U.S. 943, 94 S.Ct. 1951, 40 L.Ed.2d 295 (1974): "The murder, while utterly reprehensible, was not `accompanied by such additional acts as to set the crime apart from the norm of capital felonies  the conscienceless or pitiless crime which is unnecessarily torturous to the victim.'" We have held that killings similar to this *572 one were not heinous, atrocious, and cruel. See Williams v. State; Fleming v. State, 374 So.2d 954 (Fla. 1979); and Cooper v. State, 336 So.2d 1133 (Fla. 1976), cert. denied, 431 U.S. 925, 97 S.Ct. 2200, 53 L.Ed.2d 239 (1977). There being no finding of mitigating circumstances, the error was harmless. Sireci v. State, 399 So.2d 964 (Fla. 1981).
The final point regarding the propriety of the findings relied on by the court in sentencing is whether it erroneously limited consideration of mitigating circumstances. Appellant argues that the court's failure to properly consider nonstatutory mitigating circumstances is evidenced by its refusal to appoint experts to examine him with respect to the similarities between the circumstances of this crime and those of the murder of his "stepfather." Had the court complied with his request, he contends, the psychological information discovered could have affected the penalty imposed.
The record demonstrates, however, that the court did consider appellant's mental condition. Several witnesses testified regarding appellant's relationship with his stepfather, and the effect on him of the latter's murder. The judge's findings, nevertheless, state that there was no evidence of extreme mental or emotional disturbance at the time of the crime.
Appellant clearly is unhappy with the conclusions, but they are within the domain of the sentencing court and we find nothing in the record which mandates a different result. The judge was not compelled to call the experts requested, and since he did consider the question, we will not fault his conclusions.
Appellant's second point on appeal is that the sentencing court abused its discretion by denying his motion for a continuation of sentencing and that as a result, he was denied the rights of due process, equal protection, and effective assistance of counsel. Because there were only six weeks between the time that the federal court denied rehearing on its habeas corpus order and resentencing, appellant argues that he was prevented from adequately investigating and developing mitigating evidence relating to his mental condition. We disagree.
The federal court's initial habeas corpus order was issued over three months before the date on which appellant was sentenced. He could have begun preparing for resentencing at that time. Valle v. State, 394 So.2d 1004 (Fla. 1981), which appellant cites, held that twenty-four days, from the date of arraignment, was not long enough to prepare for trial. The time provided here, however, was adequate for what had to be done.
Appellant's third point on appeal is that he was denied due process and effective assistance of counsel by the sentencing court's refusal to allow his attorneys a night's rest before presentation of closing argument. In requesting the continuance, defense counsel argued that they were exhausted from the long day and could not in that condition, provide competent representation. The court disagreed, and instead completed the hearing without a summation by appellant's attorneys. We do not agree that the court's action denied appellant the rights which he claims that it did.
The court did not refuse counsel the opportunity to present closing argument  it refused to delay presentation thereof until the next morning. Appellant's attorneys could have given a closing argument had they been willing to do so that evening. In Herring v. New York, 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975), cited by appellant, counsel for the defendant was denied any chance of making a closing argument.
It was within the sentencing court's discretion to grant or refuse the motion for continuance. The presiding judge evidently felt that all of the parties involved were sufficiently fit to complete the proceedings that evening rather than continuing them into the following day. He, the attorneys for both sides, and everyone else necessary to conduct the hearing had been present all day, so appellant's attorney was not subjected to any more *573 stress than anyone else involved in the proceeding. Furthermore, the record shows that the judge offered a dinner break which counsel for appellant refused as inadequate. Finally, we note that the hearing did not begin until 10:30 a.m., and that a two-hour lunch break was taken by all.
The trial judge did not abuse his discretion by refusing the continuance. The day does not appear to have been unreasonably long or strenuous; certainly, it was no longer than those endured in many other courtrooms in other proceedings. Defense counsel was not alone in the length of time worked that day. A break was taken at midday and another offered that evening and appellant's counsel was not denied the opportunity to make a closing argument; he turned it down. In light of the foregoing, we cannot find the refusal to continue the proceeding until the next day to be error.
The fourth and final issue on appeal is whether the ruling of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), applies to a capital sentencing hearing and, if so, whether the state's actions here violated appellant's rights. In Brady, a convicted murderer, after being sentenced to death, discovered that a confession by his accomplice had been suppressed by the prosecution despite the defendant's request that he be allowed to examine the accomplice's statements. The trial court dismissed the defendant's motion for post-conviction relief, but the Maryland Court of Appeals held that the prosecution's conduct was a denial of due process of law. On certiorari, the United States Supreme Court affirmed, stating:
We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.
373 U.S. at 87, 83 S.Ct. at 1196.
In the case sub judice, during the sentencing hearing, appellant filed a demand for exculpatory evidence seeking to discover any possibly mitigating information known to the state. When defense counsel asked, in court, whether the lack of any response to the demand could be interpreted to mean that there was no Brady-type evidence known to the state, the prosecutor responded:
I'm not going to say one way or another, Your Honor, I don't think Brady applies to the sentencing proceeding, it certainly doesn't apply.
I can certainly tell the Court that at least, off the top of my head, I can't think of anything that would go to mitigating this Defendant's previous sentence of death. But, I don't intend to indicate that I do think Brady versus [v.] Maryland applies, you know, in answering this particular motion.
Appellant contends that the prosecutor's "casual dismissal of appellant's request without any review of his files violates the principles enunciated in Brady."
Initially, we note that the Brady rule is applicable at the sentencing phase of a trial as well as the guilt determination phase. In Brady, the Court prohibited the withholding of evidence "material either to guilt or to punishment." 373 U.S. at 87, 83 S.Ct. at 1197 (emphasis added). Evidence relating to punishment includes that evidence introduced at the sentencing phase of a trial.
The Brady opinion also noted as follows: "A prosecution that withholds evidence on demand of an accused which, if made available, would tend to exculpate him or reduce the penalty helps shape a trial that bears heavily on the defendant." 373 U.S. at 87-88, 83 S.Ct. at 1196-1197 (emphasis added). Again, evidence which would tend to reduce the penalty imposed in a criminal trial includes the evidence introduced at the sentencing phase.
If the principles and goals upon which the Brady ruling was based are to be fulfilled, it must be applied to the sentencing as well as the guilt phase of a trial. The general request sub judice, however, was insufficient to trigger the Brady principle. *574 Nevertheless, the prosecutor stated he could not think of anything that might serve in mitigation. That he did not feel it necessary to review his file in order to reach this conclusion does not strike us as odd or improper.
Because the Brady request was not specific and the prosecutor adequately responded to the general Brady-information inquiry, and because his answer was that he was aware of no such evidence, it was appellant's burden to show that the state did possess some specific information. He has failed to do so, even in a speculative way, and thus we can find no shortcoming in the sentencing proceeding in that respect.
Having reviewed each of the issues on appeal, and finding that none warrant vacation of appellant's death sentence, the same is hereby affirmed.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON, SUNDBERG and McDONALD, JJ., concur.