437 So.2d 1105 (1983)
James David RAULERSON, Appellant/Petitioner,
v.
STATE of Florida, Appellee/Respondent.
Nos. 64181, 64182.
Supreme Court of Florida.
September 1, 1983.
*1106 Stephen B. Bright and Russell F. Canan, Atlanta, Ga., for appellant/petitioner.
Jim Smith, Atty. Gen. and David P. Gauldin, Asst. Atty. Gen., Tallahassee, for appellee/respondent.
ADKINS, Justice.
We have for review an order denying a motion for post-conviction relief alleging, inter alia, ineffective assistance of counsel. Petitioner also requests that we issue a writ of habeas corpus on the ground that he was denied the effective assistance of counsel on his direct appeal from his sentence of death by the failure of appellate counsel to present to this Court on direct appeal the alleged violation of petitioner's constitutional *1107 right of self-representation. Petitioner has also applied for stay of execution.
The facts found by this Court underlying petitioner's conviction are set out in Raulerson v. State, 358 So.2d 826 (Fla.), cert. denied, 439 U.S. 959, 99 S.Ct. 364, 58 L.Ed.2d 352 (1978), where we affirmed the judgement of guilt and the sentence to death. Petitioner then filed a petition for writ of habeas corpus in the United States District Court, Middle District, seeking to invalidate the death sentence on the ground that a presentence report had been shown to his counsel but had not been shown to petitioner prior to sentencing, contending this was a violation of the rule in Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977). While this was pending in the federal district court, petitioner, pursuant to Florida Rule of Criminal Procedure 3.850, filed in the trial court a motion to vacate judgment and sentence alleging several constitutional infirmities in the guilt and the sentencing phases of the trial. The trial judge denied the motion to vacate the judgment and sentence.
The federal district court ruled that petitioner be given another sentencing hearing. Raulerson v. Wainwright, 508 F. Supp. 381 (M.D.Fla. 1980).
At a status hearing held by the trial judge on July 15, 1980, petitioner made a request to act as co-counsel with his then attorney, David Busch. At that time the court denied his request.
Petitioner then sent the judge a letter on July 18, 1980, in which he requested that he be permitted to act as his own counsel. At the resentencing hearing, held on August 11 and 12, 1980, the trial court, relying upon Tait v. State, 362 So.2d 292 (Fla. 4th DCA 1978), revisited its earlier ruling and allowed petitioner to act as co-counsel with Mr. Busch. Petitioner agreed to this. During the resentencing hearing, petitioner did not again request that he be allowed to represent himself without the aid of counsel.
By accepting the court's offer to act as co-counsel with Mr. Busch, petitioner had an opportunity to participate in the hearing as counsel and the result was the same as if he represented himself. "Standby counsel" may be appointed to help an accused even when he represents himself. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), Goode v. State, 365 So.2d 381 (Fla. 1978), cert. denied, 441 U.S. 967, 99 S.Ct. 2419, 60 L.Ed.2d 1074 (1979).
When the court became aware of State v. Tait, 387 So.2d 338 (Fla. 1980), and removed him as co-counsel during the hearing, petitioner made no objection. If petitioner objected to this procedure he should have voiced his objection. The record is clear that he had no hesitancy in "speaking out" on other matters. Under these circumstances we cannot say that petitioner made an unequivocal demand to represent himself.
The alleged violation of Faretta v. California could have been raised on direct appeal of petitioner's resentencing, but this was not done. Consequently, petitioner has waived this issue.
Subsequently, at a hearing held on February 6, 1981, petitioner, in open court requested to represent himself on appeal. At that point the trial court held an inquiry as directed in Faretta v. California until petitioner abandoned his attempt to represent himself by leaving the courtroom during the middle of that inquiry.
Petitioner appealed from the second sentence of death and this Court affirmed the sentence. Raulerson v. State, 420 So.2d 567 (Fla. 1982), cert. denied, ___ U.S. ___, 103 S.Ct. 3572, 77 L.Ed.2d 1412 (1983).
In his motion for post-conviction relief, petitioner challenges the effectiveness of his counsel at his original sentencing and also the effectiveness of his counsel at resentencing. Petitioner was afforded a resentencing, so a claim of ineffective assistance of counsel at the original sentence would not lie in this proceeding. However, we find that there is no showing that his counsel at the first sentencing hearing was ineffective.
*1108 Petitioner's counsel at the resentencing had been acting as his attorney for approximately five years and reviewed the court record prior to the sentencing proceeding. The first basis upon which his competency is challenged is that the attorney was not properly prepared for the hearing and did not understand its nature or purpose. We considered this issue on the appeal from the resentencing, Raulerson v. State, 420 So.2d at 572, and found that there was sufficient time for adequate investigation and preparation for the resentencing hearing. A great deal of mitigating evidence was presented in a coherent manner at the resentencing. Six witnesses were called and testified on petitioner's behalf. In this proceeding, petitioner proffered affidavits of additional witnesses who (according to him) would have been available to testify in regard to mitigating circumstances. All of the purported testimony as set forth in the affidavit was essentially cumulative of the testimony presented at the resentencing. Stanley v. Zant, 697 F.2d 955 (11th Cir.1983); see also Songer v. State, 419 So.2d 1044 (Fla. 1982). There is nothing in the affidavits that was not covered by the witnesses at petitioner's resentencing. There is no requirement to call any set number of character witnesses, particularly where the testimony of additional character witnesses would merely be cumulative. It appears from the record that counsel for petitioner was both effective and prepared at the resentencing hearing.
The other questions raised in petitioner's motion for post-conviction relief are without merit and the trial judge was correct in denying the motion without an evidentiary hearing.
Petitioner's contention in his petition for his writ of habeas corpus that counsel on appeal was ineffective is without merit. His only ground is that appellate counsel allegedly failed to raise the issue of petitioner's self representation. Parker v. State, 423 So.2d 553 (Fla. 1st DCA 1982), relied upon by petitioner, is distinguishable. In Parker the defendant's request was held to be unequivocal because counsel for appellant therein filed a concurrent motion stating that Parker desired to represent himself and then in open court informed the trial court of Parker's desire to represent himself. The court made it clear that to invoke the right the criminal defendant must make an unequivocal request to act as his own lawyer.
Here, in both the court hearings previous to and subsequent to petitioner's letter, petitioner never requested to solely represent himself. At petitioner's request he was appointed as co-counsel with Mr. Busch, which is in keeping with the dictates of Faretta v. California.
He made no objection when he was removed. In view of the fact that petitioner never unequivocally asserted his right to self-representation and, in fact, he was given the right to participate in the hearing, counsel representing him on the appeal from the resentencing can hardly be faulted for not raising this issue on appeal.
Petitioner has failed to meet the standard of prejudice under Knight v. State, 394 So.2d 997 (Fla. 1981), and is not entitled to habeas corpus relief on the basis of ineffective appellate assistance of counsel.
The petitioner has had the advantage of two sentencing hearings. At the resentencing, the trial judge considered the mitigating evidence adduced at the first sentencing hearing as well as the resentencing hearing. Petitioner's contentions have been carefully considered and we find no merit in any of them.
The order denying petitioner's motion for post-conviction relief is affirmed and his petition for writ of habeas corpus is denied. The application for stay of execution is also denied.
A petition for rehearing will not be considered.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.