462 So.2d 1085 (1985)
James David RAULERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 66419.
Supreme Court of Florida.
January 21, 1985.
*1086 Stephen B. Bright and Palmer Singleton, Atlanta, for appellant.
Jim Smith, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
ADKINS, Justice.
We have before us an appeal from the denial of appellant's third motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
In August of 1975, appellant was convicted of first-degree murder and sentenced to death. The facts underlying appellant's conviction are set out in Raulerson v. State, 358 So.2d 826 (Fla.), cert. denied, 439 U.S. 959, 99 S.Ct. 364, 58 L.Ed.2d 352 (1978), where we affirmed the conviction and sentence to death. Appellant then filed a petition for writ of habeas corpus in the United States District Court for the Middle District of Florida. That court found that appellant had been denied the opportunity to rebut the contents of his presentence report in violation of Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), and ordered a new sentencing hearing. Raulerson v. Wainwright, 508 F. Supp. 381, 383-85 (M.D.Fla. 1980). Following a second sentencing hearing, appellant was again sentenced to death. This Court consolidated the appeals from the denial of post-conviction relief and reimposition of the death penalty and affirmed both judgments. Raulerson v. State, 420 So.2d 567 (Fla. 1982), cert. denied, ___ U.S. ___, 103 S.Ct. 3572, 77 L.Ed.2d 1412 (1983).
On August 22, 1983, appellant filed a second motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, but the trial court denied the motion. This Court again affirmed. Raulerson v. State, 437 So.2d 1105 (Fla. 1983).
On September 2, 1983, appellant filed a second habeas corpus petition in the United States District Court for the Middle District of Florida. Ultimately, the district court denied the writ and the Eleventh Circuit Court of Appeals affirmed. Raulerson v. Wainwright, 732 F.2d 803 (11th Cir.), cert. denied, ___ U.S. ___, 105 S.Ct. 366, 83 L.Ed.2d 302 (1984).
Appellant filed a third motion for post-conviction relief on January 17, 1985. The trial court denied the motion, without an evidentiary hearing; on January 18, 1985.
Appellant's 3.850 motion raises six claims for relief: 1) pretrial publicity and community bias; 2) concealment of material facts on voir dire; 3) breaches of sequestration order; 4) the unguided use of unadjudicated crimes evidence; 5) other crimes evidence was obtained and used in an unconstitutional manner; 6) ineffective assistance of counsel. All but appellant's sixth contention were or could have been raised on direct appeal and thus are precluded from our consideration. Demps v. State, 416 So.2d 808, 809 (Fla. 1982); Meeks v. State, 382 So.2d 673, 675 (Fla. 1980); Adams v. State, 380 So.2d 423-24 (Fla. 1980). *1087 Moreover, as to appellant's second contention, we agree with the findings of the trial court in its order denying appellant's motion for post-conviction relief:
Furthermore, the Defendant has had the benefit of two prior post conviction proceedings. In neither proceeding was this ground raised. There is no factual basis set forth in the motion that this ground was not available to the Defendant at these three prior stages of this case. The Defendant has failed to show that he is entitled to relief on this ground. Meeks v. State, 382 So.2d 673 (Fla. 1980). Even assuming that this ground is properly before the Court, the Defendant is not entitled to relief. Questions of whether prospective jurors had heard about the case is not, standing alone, sufficiently material. The real issue is whether a juror has knowledge about the case which would influence the juror in returning a verdict. The fact that juror Weston (sic) and juror Allen may have had knowledge about the case, standing alone, is an insufficient basis to warrant this Court to grant the relief sought by the Defendant.
Appellant's sixth and final contention in support of his motion is that of ineffective assistance of counsel. The issue has been thoroughly reviewed by this Court in two prior post-conviction proceedings, Raulerson v. State, 420 So.2d 567 (Fla. 1982), cert. denied, ___ U.S. ___, 103 S.Ct. 3572, 77 L.Ed.2d 1412 (1983); Raulerson v. State, 437 So.2d 1105 (Fla. 1983), and has been rejected by all other reviewing courts as well. We adhere to our prior judgments and find appellant's claim to be without merit.
Accordingly, the trial court's order denying appellant's third 3.850 motion is hereby affirmed.
It is so ordered.
BOYD, C.J., and OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.