**James David RAULERSON, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Secretary of the Florida Department of Offender Rehabilitation, et al., Respondents-Appellees.**

No. 85–3053.

United States Court of Appeals, Eleventh Circuit.

Jan. 28, 1985.

Stephen B. Bright, Atlanta, Ga., for petitioner-appellant.

Wallace Allbritton, Asst. Atty. Gen., Tallahassee, Fla., for respondents-appellees.

Before TJOFLAT, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

Petitioner is a death row inmate; his execution is scheduled for Tuesday, January 29, 1985, at 7:00 a.m. On January 27, 1985, the district court, sitting in Jacksonville, Florida, following an evidentiary hearing denied petitioner's application for writ of habeas corpus on the ground that his application constituted an abuse of the writ. *See* Rule 9(b), Rules Governing Section 2254 Cases, 28 U.S.C. fol. § 2254 (1982). The district court granted petitioner a certificate of probable cause to prosecute this appeal, but denied his application for a stay of execution.

Petitioner has asked us to stay his execution pending his appeal to this court. At 2:00 p.m. this date, this panel assembled in Jacksonville, Florida, and heard oral argument on all issues relevant to the proceedings here, including petitioner's application for a stay of execution and the merits of his appeal.

The entire record of petitioner's prior state and federal proceedings in this matter are before the court, including the transcript of yesterday's evidentiary hearing in the district court. Having considered that record and the parties' briefs and arguments, we affirm the judgment of the district court on the basis of its opinion,[1] annexed hereto as Exhibit A.

We have appraised the merits of the claims petitioner seeks to litigate in this petition to make our independent evaluation of whether the ends of justice require that they be heard. *See* Rule 9(b), *supra.* We conclude that petitioner's claims, lacking merit, do not warrant further consideration or relief.

The judgment of the district court is AFFIRMED. Petitioner has advised the court that he will petition the Supreme Court for a writ of certiorari and has requested a stay to enable him to do so. We accordingly STAY petitioner's execution until 7:00 a.m. Wednesday, January 30, 1985. This stay shall expire at that time or at such other time as the Supreme Court shall order.

## EXHIBIT A

### OPINION AND ORDER

The above-styled cause is before the Court on the Petition for Writ of Habeas Corpus, filed on Wednesday, January 23, 1985, at 4:15 p.m., by James David Raulerson, a death row inmate at Florida State Prison. Respondents filed their response to the petition on Friday, January 25, 1985, at 1:48 p.m. A hearing on this petition was held on Sunday, January 27, 1985, commencing at 1:00 p.m. After a careful and thorough review of the record in this cause, and after hearing argument of counsel for the respective parties, this Court is of the opinion that the Petition for Writ of Habeas Corpus should be DENIED.

#### Procedural History

On August 6, 1975, following indictment and jury trial, Petitioner was convicted of first degree murder in the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida. On August 7, 1975, the jury rendered an advisory sentence, recommending death by electrocution, and on August 20, 1975, the trial judge entered a judgment of conviction and sentence of death by electrocution. The Supreme

---

1. Petitioner now asserts that there was an oversight in our prior habeas review of this case. *Raulerson v. Wainwright,* 732 F.2d 803, 809 (11th Cir.1984), *cert. denied,* — U.S. ——, 105 S.Ct. 366, 83 L.Ed.2d 302 (1984). Contrary to our prior opinion, the state judge, on resentencing, did recite the fact of the sentencing jury's earlier recommendation. This does not alter our conclusion. The federal district court's conclusion, in the second federal habeas corpus proceeding, that there had been no ineffective assistance of counsel in the penalty phase of petitioner's trial was correct.

Court of Florida affirmed Petitioner's conviction and sentence on direct appeal in *Raulerson v. State*, 358 So.2d 826 (Fla. 1978). The United States Supreme Court denied certiorari in *Raulerson v. State*, 439 U.S. 959, 99 S.Ct. 364, 58 L.Ed.2d 352 (1978).

On March 23, 1979, Petitioner filed a Petition for Writ of Habeas Corpus in the United States District Court for the Middle District of Florida. While the petition for habeas corpus was pending in this Court, the Governor of Florida signed a warrant directing that the Petitioner be executed between May 16 and May 23, 1980. The Court ruled on May 9, 1980 that Petitioner's death sentence was unconstitutional because it was imposed in violation of *Gardner v. Florida*, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), and granted the petition for habeas corpus, vacated the sentence and remanded the cause to the State of Florida for resentencing. *See Raulerson v. Wainwright*, 508 F.Supp. 381 (M.D.Fla.1980). After a second sentencing hearing, Petitioner was re-sentenced to death and judgment was entered on August 12, 1980.

While the first habeas petition was pending in the district court, on April 30, 1980, Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the FLORIDA RULES OF CRIMINAL PROCEDURE in the Circuit Court for the Fourth Judicial Circuit, in and for Duval County, Florida. The Circuit Court denied relief on May 14, 1980. The appeal from this Order was consolidated with the direct appeal from the re-imposition of the death sentence. The Florida Supreme Court affirmed the denial of the motion for post-conviction relief and the re-imposition of the death sentence on August 26, 1982, and re-hearing was denied on November 3, 1982. *Raulerson v. State*, 420 So.2d 567 (Fla.1982), *cert. denied*, —— U.S. ——, 103 S.Ct. 3572, 77 L.Ed.2d 1421 (1983).

On August 5, 1983, the Governor of Florida signed a second warrant directing that the Petitioner be executed during the week commencing September 2, 1983, and execution was scheduled for 7:00 a.m., September 7, 1983. On August 22, 1983, Petitioner filed a second application for post-conviction relief pursuant to Rule 3.850 of the FLORIDA RULES OF CRIMINAL PROCEDURE. The Circuit Court denied this relief on August 30, 1983, and the Florida Supreme Court affirmed on September 1, 1983. *Raulerson v. State*, 437 So.2d 1105 (Fla. 1983).

Petitioner filed a second petition for federal habeas corpus relief in this Court on September 2, 1983. After an evidentiary hearing on September 6, 1983, this Court granted a temporary stay of execution. On September 7, 1983, this petition was denied and the stay was lifted. The United States Court of Appeals for the Eleventh Circuit entered a stay of execution on September 8, 1983, but affirmed the denial of relief on May 1, 1984. *Raulerson v. Wainwright*, 732 F.2d 803 (11th Cir.), *cert. denied*, —— U.S. ——, 105 S.Ct. 366, 83 L.Ed.2d 302 (1984).

On January 5, 1985, the Governor of the State of Florida signed another death warrant ordering Petitioner's execution during the week beginning noon, January 23, 1985. Execution is presently scheduled for Tuesday, January 29, 1985, at 7:00 a.m. On January 16, 1985, Petitioner filed a third motion for post-conviction relief, pursuant to Rule 3.850 of the FLORIDA RULES OF CRIMINAL PROCEDURE in the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida. The Circuit Court denied relief on January 18, 1985, and the Florida Supreme Court affirmed this judgment on January 21, 1985. *Raulerson v. State*, —— So.2d —— (Fla.1985).

### Grounds for Relief

■ In this third petition for federal habeas corpus relief, Petitioner alleges essentially three grounds which he claims entitle him to relief: (1) ineffective assistance of counsel; (2) concealment of material facts on voir dire; and (3) unconstitutional application of FLA.STAT. § 921.141(6) at the initial sentencing hearing to limit the mitigating circumstances to the statutorily enu-

merated factors. Respondents contend this petition is a "successive petition" and should therefore be barred pursuant to Rule 9(b) of the Rules Governing 28 U.S.C. § 2254. This Court held an evidentiary hearing on the applicability of Rule 9(b) on Sunday, January 27, 1985, commencing at 1:00 p.m.

Rule 9(b) provides as follows:

(b) Successive petitions. A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

This Rule restates the judicially developed doctrine of "abuse of the writ." *See Paprskar v. Estelle*, 612 F.2d 1003 (5th Cir.1980). Under this doctrine, explained thoroughly in *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), successive federal habeas petitions will not be entertained (1) with respect to issues which were raised and adjudicated on the merits in a previous petition if the ends of justice would not be served by re-determining the merits, and (2) with respect to issues which could have been but were not raised in a previous petition if failure to raise the issues is deemed an abuse of the writ.

█ Petitioner's current claim of ineffective assistance of counsel was previously raised in the second petition for federal habeas corpus relief, filed on September 2, 1983. Petitioner nonetheless argues that his present petition asserts new and substantial grounds in support of this claim and that, at least with respect to these new grounds, an abuse of the writ analysis under the second branch of the *Sanders* doctrine should therefore be applied. The alleged "new" grounds in support of Petitioner's claim are that counsel was ineffective in failing to respond appropriately to pretrial publicity and in failing to investigate the evidence introduced at the sentencing phase of prior criminal offenses for which Petitioner had not been convicted.

The Court finds that counsel's failure to respond appropriately to pretrial publicity was raised and litigated in the second petition for federal habeas corpus relief and, thus, is not a novel ground in support of Petitioner's claim. Whereas the second petition merely alleged generally that Petitioner received sensational and widespread pretrial publicity, the present petition details the scope and content of various newspaper articles. However, both petitions allege that counsel's ineffectiveness was manifest in the same way; namely, by failing to seek a change of venue or conduct a voir dire examination of prospective jurors to determine whether anything learned from the media would affect their ability to be impartial.

Similarly, counsel's failure to respond to the other crimes evidence at the sentencing phase was raised in the second petition, albeit in a somewhat different context. The second petition alleged that counsel was ineffective in failing to object to the introduction of the other crimes evidence. The present petition alleges that counsel was also ineffective in failing to request a limiting instruction concerning the other crimes evidence and in failing to investigate and present witnesses to refute the other crimes evidence. Nonetheless, the gravamen of the constitutional complaint is the same in both petitions because the legal basis for granting relief has not been altered. *See Sanders*, 373 U.S. at 16, 83 S.Ct. at 1077. Petitioner is raising essentially the same legal argument set forth in the second petition and merely setting forth new or different factual support for those claims. Thus, the alleged ineffective assistance of counsel in failing to respond to the other crimes evidence also falls under the first branch of the *Sanders* doctrine. *See In re Shriner*, 735 F.2d 1236 (11th Cir.1984); *Smith v. Kemp*, 715 F.2d 1459 (11th Cir.1983); *Bass v. Wainwright*, 675 F.2d 1204 (11th Cir.1982).

Because Petitioner's claim of ineffective assistance of counsel at the guilt-innocence

stage and at the sentencing stage was raised in a prior petition and adjudicated on the merits, the Court may invoke Rule 9(b) to bar reconsideration of this claim unless Petitioner can establish that the ends of justice would be served by such a reconsideration. The *Sanders* Court concluded that the ends of justice require re-addressing the merits of issues previously decided when the initial hearing was not full and fair, or, if purely legal questions were involved in the original determination, when there has been an intervening change in the law or when some other justification exists for having failed to raise a crucial point or argument. 373 U.S. at 16–17, 83 S.Ct. at 1077–1078. Additionally, when denial of the earlier petition constitutes plain error, the ends of justice warrant entertaining a successive petition. *See Bailey v. Oliver,* 695 F.2d 1323 (11th Cir.1983). Finally, other circumstances may exist in which the ends of justice will require the Court to reconsider a claim previously decided.

This Court granted Petitioner an evidentiary hearing on September 6, 1983, concerning Petitioner's ineffective assistance of counsel claim and other claims raised in the second habeas petition. Petitioner now argues that that hearing was not "full and fair" because neither Petitioner nor his counsel was at that time able to present the new grounds now asserted. Petitioner claims he is prepared to offer substantially different evidence to show the consequences of trial counsel's failure to respond appropriately to pretrial publicity and to investigate the other crimes evidence admitted at the sentencing hearing. This alleged consequence is that unreliable, illegally obtained other crimes evidence was offered at the sentencing hearing in 1975 and that, had this evidence not been admitted, a substantial probability exists that at least two jurors would have voted for life rather than death, thereby resulting in a life recommendation. Such a recommendation allegedly would have changed completely the calculus by which further sentencing proceedings would have been treated by both trial and appellate courts.

The Court finds that Petitioner has not met his burden of establishing that the ends of justice require relitigation of the ineffective assistance of counsel claim. On September 6, 1983, Petitioner had a full and fair opportunity to establish that trial counsel unprofessionally failed to seek a change of venue and permitted evidence of unadjudicated other crimes to be admitted at the advisory sentencing phase of Petitioner's trial. In denying the second habeas petition, this Court determined that trial counsel's omissions were part of a deliberate strategy to avoid unnecessary questioning and unnecessary objections in the presence of the jury. This Court concluded that trial counsel provided reasonably effective assistance of counsel.

In *Strickland v. Washington,* —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court articulated the standards for determining whether petitioner has been denied effective assistance of counsel. First, petitioner must show that counsel's performance was so deficient that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, petitioner must establish that the deficient performance prejudiced the defense; that is, that the result of the proceeding probably would have been different had counsel not made the unprofessional errors. The evidence Petitioner seeks to introduce concerning the consequences of counsel's omissions would tend to establish prejudice to the defense, but would be insufficient to undermine this Court's previous determination that, given the totality of circumstances, counsel's performance was not constitutionally deficient. Thus, even assuming Petitioner could establish that the admission of other crimes evidence caused the jury to recommend a death sentence, Petitioner would not be entitled to have his conviction or death sentence set aside. The Court therefore concludes that the ends of justice would not be served by reconsidering the ineffective assistance of counsel claim in this successive habeas petition.

■ In addition, the Court finds that the "law of the case" doctrine precludes redetermination of the claim of counsel's ineffectiveness at both the guilt-innocence phase and the sentencing phase of Petitioner's trial. In affirming this Court's denial of Petitioner's second habeas petition, the Eleventh Circuit held that Petitioner was not denied effective assistance of counsel at any relevant phase of the judicial process. *Raulerson v. Wainwright,* 732 F.2d 803, 810 (11th Cir.1984). However, the Eleventh Circuit did not reach the issue of counsel's effectiveness before the advisory jury "because the sentence resulting from that hearing is not under attack." 732 F.2d at 809. Nonetheless, the appellate court's finding that counsel's effectiveness at the first sentencing proceeding is irrelevant in a challenge to the sentence imposed at the second proceeding is the law of this case. Additionally, this Court concludes that neither of the two exceptions to the law of the case doctrine applies because a new trial has not taken place and because the appellate decision was not clearly erroneous and would not work a manifest injustice. *See generally Westbrook v. Zant,* 743 F.2d 764 (11th Cir.1984).

■ Petitioner's second claim for relief is that jurors' concealment of material facts on voir dire denied Petitioner's constitutional rights to a fair trial and to due process. The Court finds that this issue was raised and adjudicated on the merits under the guise of a different legal theory in the second habeas petition. The second petition alleged that counsel's ineffectiveness was manifest by counsel's failure to respond to pretrial publicity by seeking a change of venue. Due process requires a change of venue when an impartial jury cannot be impaneled. *See, e.g., Irvin v. Dowd,* 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961). In the present petition, Petitioner alleges that he was denied a trial by an impartial jury. Thus, the essence of both the foregoing claims is that pretrial publicity was so pervasive as to affect the jurors' ability to be impartial.

■ Pursuant to the first branch of the *Sanders* doctrine, this Court need not reconsider the same claim unless the ends of justice so require. If this Court were to readdress the issue of the jury's impartiality, Petitioner would provide more specific evidence of the extensiveness of pretrial publicity. Petitioner claims he can establish that jurors concealed their knowledge of Petitioner's case and that this knowledge was based on the pretrial publicity. However, Petitioner's allegation that jurors had been exposed to pretrial publicity concerning this case is constitutionally insufficient. Constitutional standards of fairness entitle the accused to a panel of impartial jurors who base their decision solely on the evidence produced in court, not a panel of jurors who are wholly ignorant of the case.

> "In these days of swift, widespread and diverse methods of communication, an important case can be expected to arouse the interest of the public in the vicinity, and scarcely any of those best qualified to serve as jurors will not have formed some impression or opinion as to the merits of the case."

*Irvin v. Dowd,* 366 U.S. 717, 722, 81 S.Ct. 1639, 1642, 6 L.Ed.2d 751 (1961). The purpose of the voir dire inquiry is to determine whether, regardless of any knowledge the prospective jurors may have of the case, the jurors are capable of rendering an impartial decision based solely on the evidence introduced at trial. Petitioner nowhere asserts that the jurors who allegedly concealed their knowledge of this cause were incapable of nonetheless serving as the impartial jurors guaranteed by the Constitution. Indeed, the record in this cause completely fails to support such a proposition. During the course of voir dire examination, members of the venire were asked at least fifteen times whether they doubted their ability to be fair and impartial in this case. This examination failed to establish any nexus whatsoever between pretrial publicity and juror prejudice against the defendant.[1]

---

1. An accused's constitutional right to be tried by

impartial jurors is violated when it can be

■ Similarly, Petitioner's contention that jurors referred to pretrial publicity in the course of their deliberations is constitutionally insufficient. Even assuming the jurors referred to the media at some point in their discussion, this fact alone does not suggest that the jury disregarded the trial judge's instruction to be guided solely by the evidence and the Court's instructions on the applicable law, without regard to outside influences. Jurors are presumed to follow the law as they are instructed.

■ Aside from the constitutional insufficiency of the propositions Petitioner relies upon in seeking reconsideration of this issue, Petitioner's allegations lack the requisite specificity to warrant a new hearing. This third habeas petition does not identify the jurors who allegedly concealed material facts, nor does it substantiate this allegation with affidavits nor was similar evidence adduced at the hearing before this Court. This Court will not "blindly accept speculative and inconcrete claims" as the basis upon which a hearing will be ordered, *Baldwin v. Blackburn,* 653 F.2d 942, 947 (5th Cir.1981), particularly in a successive petition. Accordingly, the Court finds that the ends of justice would not be served by readdressing Petitioner's claim that members of the jury were not impartial.

The third ground for relief is that FLA. STAT. § 921.141(6) was unconstitutionally applied at the first sentencing hearing in

1975 to limit the mitigating circumstances considered on Petitioner's behalf to factors enumerated in (a) through (g) of FLA.STAT. § 921.141(6). This claim was raised and litigated in the proceedings on Petitioner's second habeas petition with respect to the second sentencing hearing held in 1980. In addition, the second petition alleged trial counsel was ineffective at the first sentencing hearing because he failed to request an instruction advising the jury that circumstances in mitigation were not limited to the statutory list. The only difference in the claim presented in the present petition is that counsel alleges mitigating circumstances were limited to those enumerated in FLA.STAT. § 921.141(6) without couching the issue in ineffective assistance terms. This attempt to revisit the same issue by developing different arguments and conclusions was specifically rejected by the Eleventh Circuit in *In re Shriner,* 735 F.2d 1236 (11th Cir.1984):

If such arguments were allowed on successive habeas petitions, every petitioner would be entitled to file and have considered successive petitions merely by alleging a substantive ground for relief in the initial petition and then, even after the initial petition is denied, by alleging in a second petition his attorney's failure to raise the substantive ground at the trial stage, claiming that such failure

---

shown that jurors were prejudiced by pretrial publicity. Such prejudice can be actual or presumed. *See Coleman v. Zant,* 708 F.2d 541 (11th Cir.1983). Actual prejudice exists when a juror entertains an opinion as to the defendant's guilt before trial and cannot lay aside this opinion to render a verdict based on the evidence presented in court. This third habeas petition does not allege, and the voir dire record does not suggest, that any jurors cognizant of pretrial publicity formed an opinion as to Petitioner's guilt before trial, much less that any such opinion could not be laid aside for purposes of rendering an impartial verdict.

Prejudice may be presumed when damaging pretrial publicity saturates the community where the trial is held so that the setting of the trial is inherently prejudicial. *See, e.g., Irvin v. Dowd,* 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961); *Coleman v. Zant,* 708 F.2d 541 (11th Cir.1983). The setting of the trial has been held

to be inherently prejudicial when the voir dire record reveals a "pattern of deep and bitter prejudice" throughout the community. *Irvin v. Dowd,* 366 U.S. at 727, 81 S.Ct. at 1645. In *Irvin v. Dowd, supra,* for example, the panel consisted of 430 persons and 370 of those persons entertained some opinion as to the accused's guilt. Although the jurors who actually served claimed they could be impartial, the Supreme Court held that "where so many, so many times, admitted prejudice, such a statement of impartiality can be given little weight." Similarly, in *Coleman v. State,* 237 Ga. 84, 226 S.E.2d 911 (1976), at least 38 of the 77 prospective jurors examined on the issue had fixed opinions as to the guilt of the accused. *Id.* at 916. In the instant case, however, not one prospective juror on the panel indicated he or she had an opinion concerning Petitioner's guilt, so there is no reason to discredit the representation of impartiality given by those 12 jurors who actually served.

constituted ineffective assistance of counsel.

*Id.* at 1240.

The Court accordingly finds that Petitioner's claim of restriction of non-statutory mitigating factors has been previously raised and adjudicated on the merits. Reconsideration of this claim may be barred pursuant to Rule 9(b) and the first branch of the *Sanders* doctrine unless the ends of justice would thereby be defeated.

The Court finds that Petitioner had a full and fair opportunity to present this argument at the time of litigating the second habeas petition. The facts upon which this claim is based were known to Petitioner at the time the second petition was filed because Petitioner relied upon the transcript of the first sentencing hearing in setting forth the ineffective assistance of counsel claim. No justification exists for failing to make this argument in the prior habeas petitions.

In addition, the Court finds that the law of the case doctrine precludes relitigation of this claim because, as previously noted, the Eleventh Circuit held in *Raulerson v. Wainwright,* 732 F.2d 803, 810 (11th Cir. 1984) that challenges to the first sentencing proceeding are irrelevant in a petition for relief from a sentence imposed at the second sentencing proceeding. Again, this decision was not clearly erroneous and would not work a manifest injustice in this case.

In conclusion, the Court notes that, with the exception of one witness' testimony, the gist of the evidence introduced at the hearing on abuse of the writ sought to establish excusable neglect or the absence of deliberate bypass in failing to raise the present claims in the prior petition. However, this Court has concluded that all of Petitioner's claims were indeed raised in the previous habeas petition. Thus, the first branch, rather than the second branch, of the *Sanders* doctrine applies.

Accordingly, it is

ORDERED and ADJUDGED:

1. That the Petition for Writ of Habeas Corpus, filed herein on January 23, 1985, is hereby DENIED;

2. That the Motion for a Stay of Execution, filed herein on January 23, 1985, is hereby DENIED;

3. In light of the Court's rulings, the Petitioner's Emergency Motion for Immediate Hearing filed on January 26, 1985; Motion and Authorities for Evidentiary Hearing filed on January 23, 1985; Motion for Leave to Take Depositions of Out of State Witnesses filed on January 23, 1985; and Supplemental Motion filed on January 27, 1985, are hereby rendered MOOT.