471 So.2d 27 (1985)
Ian Deco LIGHTBOURNE, Appellant,
v.
STATE of Florida, Appellee.
No. 67100.
Supreme Court of Florida.
June 3, 1985.
James D. Crawford of Schnader, Harrison, Segal and Lewis, Philadelphia, Pa., for appellant.
Jim Smith, Atty. Gen., and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
ADKINS, Justice.
Ian Lightbourne was convicted of first-degree murder and sentenced to death. On direct appeal, this Court affirmed both the *28 conviction and sentence. Lightbourne v. State, 438 So.2d 380 (Fla. 1983). The Supreme Court of the United States denied a petition for Writ of Certiorari on February 21, 1984. Lightbourne v. Florida, ___ U.S. ___, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984).
On May 31, 1985, an emergency application for stay of execution to permit filing of a motion for post-conviction relief was filed in the circuit court so as to allow Lightbourne time to file a "final" motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. Such motion was treated by the trial court as both an application for a stay of execution and a motion for post-conviction relief. The circuit court denied the appellant's request for a stay of execution and further held that Lightbourne's emergency pleading was inadequate to justify post-conviction relief. Lightbourne now appeals that decision. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
Appellant's motion to vacate judgment raised the following issues: (1) whether the trial court erred in denying the motion without affording appellant an evidentiary hearing and without making findings and attaching portions of the record which conclusively rebutted the factual allegations of the motion; (2) whether appellant was denied the right to an impartial jury due to the prosecutor's use of preemptory challenges in eliminating two black jurors; (3) whether the trial court improperly considered various aspects of the presentence investigation report in determining appellant's sentence; (4) whether the evidence was sufficient to support appellant's conviction and sentence; and (5) whether appellant was denied the effective assistance of counsel at trial.
Issues 2, 3 and 4 either were or could have been raised on direct appeal and are therefore foreclosed in this proceeding for collateral review. Raulerson v. State, 462 So.2d 1085 (Fla. 1985); Jones v. State, 446 So.2d 1059 (Fla. 1984).
Appellant's contention that the trial court erred in failing to conduct an evidentiary hearing is without merit. The law is clear that when the motion and record conclusively demonstrate that the movant is not entitled to relief, the motion may be denied without an evidentiary hearing. Riley v. State, 433 So.2d 976, 979 (Fla. 1983). In this instance the lower court properly determined that there was "no basis in fact or law" for granting relief, thus dispensing with the requirement for an evidentiary hearing. Further, the failure of the trial judge to attach a copy of the record to his order rejecting such a motion does not constitute reversible error. See Goode v. State, 403 So.2d 931 (Fla. 1981).
Lightbourne alleged that his counsel was ineffective because he failed to request appointment of expert witnesses, failed to discover and present mitigating evidence at sentencing and failed to impeach or rebut the trial testimony of certain jailhouse informants. Applying the test enunciated by the United States Supreme Court in Strickland v. Washington, ___ U.S. ___, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), we find nothing in the record to indicate that trial counsel was ineffective.
Counsel was not ineffective for failing to request appointment of expert witnesses. In this instance, counsel was merely making a tactical choice that was within the standard of competency expected. See Magill v. State, 457 So.2d 1367 (Fla. 1984).
Counsel was not ineffective for failing to present mitigating evidence at sentencing. The trial record clearly indicates that the sentencing judge was in fact aware of many of the mitigating factors that counsel on appeal is now presenting to the Court. The lower court was fully aware of the fact that Lightbourne was raised in a "lower socioeconomic home environment," his educational history and religious background. The additional mitigating factors now presented to the Court are merely cumulative, now new. Thus our finding on direct appeal that the strength of the aggravating factors warrant the death sentence is still valid.
*29 Appellant's allegation that counsel was ineffective for failing to impeach or rebut the testimony of jailhouse informants is without merit. The record clearly indicates that the credibility of the jailhouse informants was specifically attacked by defense counsel on cross examination and by pretrial motion.
Accordingly, the trial court's order denying appellant's 3.850 motion is hereby affirmed. The motion for stay of execution is denied.
It is so ordered.
BOYD, C.J., and ALDERMAN and EHRLICH, JJ., concur.
OVERTON, McDONALD and SHAW, JJ., dissent.