SCHEB, Judge.
This is an appeal under Florida Rule of Appellate Procedure 9.140(g) from the summary denial of a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. Appellant pled guilty to charges of conspiracy to traffic and attempted sale of cannabis. The trial court sentenced him to two fifteen-year prison terms to be served consecutively. This court affirmed the conviction and sentence on appeal. McCormick v. State, 447 So.2d 1360 (Fla. 2d DCA 1984).
Appellant’s rule 3.850 motion raises five claims for relief:
(1) Denial of effective assistance of counsel.
(2) The state failed to prove that a conspiracy existed and was, in fact, ongoing.
(3) The state failed to prove the constructive possession of marijuana.
(4) The court erred in denying defendant’s requested jury instructions and the instructions given were not adequate.
(5) The trial court erred in establishing in its own mind the involvement of the defendant and the harshness of the sentence.
Ground (1), although a proper ground for relief, does not detail a specific omission or overt act showing ineffective assistance. Knight v. State, 394 So.2d 997 (Fla.1981); see also State v. Bucherie, 468 So.2d 229 (Fla.1985). Thus, it does not set forth sufficient facts to justify a hearing.
*18 Grounds (2), (3), (4), and (5) were, or could have been, raised on direct appeal and thus are not proper matters for ancillary post-conviction relief. Lightbourne v. State, 471 So.2d 27 (Fla.1985); Raulerson v. State, 462 So.2d 1085 (Fla.1985); McCrae v. State, 437 So.2d 1388 (Fla.1983). Moreover, the sentences imposed were within the statutory parameters. See §§ 893.-135(1)(a) and 775.082(3)(b), Fla.Stat. (1983).
Accordingly, the denial of appellant’s rule 3.850 motion is affirmed.
RYDER, C.J., and HALL, J., concur.